IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ALEX K. WARE                                                          PLAINTIFF

V.                          NO. 4:08cv02908 JMM-JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### INSTRUCTIONS

This recommended disposition has been sent to United States District Judge James M. Moody. Within fourteen (14) days after being served with a copy of the recommended disposition, any party may serve and file with the Clerk of this Court specific written objections to the proposed findings and recommendations. A copy of the objections must be served on the opposing party, who may respond within fourteen (14) days after being served. The District Judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions. *See* Fed. R. Civ. P. 72(b); Local Rule 72.1(VIII)(C), Rules of the United States District Court for the Eastern District of Arkansas.

### RECOMMENDED DISPOSITION

Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (docs. 11, 12). The Commissioner responded (doc. 17), and the motions have been referred (doc. 15).

On March 12, 2009, the Court entered an order remanding this case to the Commissioner for further administrative action (doc. 10). On October 21, 2009, the Court

entered an order clarifying that the remand was pursuant to the fourth sentence of 42 U.S.C. § 405(g), along with a judgment to that effect (docs. 13, 14). Plaintiff has filed two motions for EAJA fees. It appears that the second motion supplements and thus supersedes the first motion. The first motion (doc. 11) should, therefore, be **denied** as moot.

In the remaining motion (doc. 12), Plaintiff seeks an EAJA award for 39.3 hours of work done by his attorney in 2008 and 2009 at an hourly rate of $169.00.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. §§ 2412(b), 2412(d)(1)(A). A claimant who wins a sentence-four remand order and judgment, as Plaintiff did here, is a prevailing party entitled to EAJA fees. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). In the Eighth Circuit, EAJA fees are awarded directly to the prevailing party's attorney. *Ratliff v. Astrue*, 540 F.3d 800, 801 (8th Cir. 2008), *cert. granted*, 130 S. Ct. 48 (2009) (No. 08-1322). The Commissioner does not contest Plaintiff's entitlement to an award of attorney's fees under the EAJA.

The EAJA provides that attorney fees "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988). Plaintiff's counsel seeks an hourly rate of $169.00, arguing that the statutory rate should be enhanced based on the increased cost of living as evidenced in the Consumer Price Index, All Urban Consumers (CPI-U). He explains how the rate was

calculated and references the applicable CPI-U figures, demonstrating the increased cost of living since March 29, 1996, the effective date of the current version of the EAJA (doc. 12, at 2-3).

Where one petitioning for EAJA fees presents uncontested proof of an increase in the cost of living sufficient to justify a fee greater than the statutory rate, enhanced fees should be awarded. *Johnson v. Sullivan*, 919 F.2d 503, 504-05 (8th Cir. 1990) (CPI is "proper proof" of an increase in the cost of living). The Commissioner has not come forward with any evidence suggesting that the requested cost-of-living increase in the hourly rate would be unjust or improper.

In cases filed by another attorney in this District, the Commissioner has agreed to pay enhanced hourly rates for attorney work based on an increased cost of living, calculating the applicable rate on an annualized basis using the mid-year CPI-U.[1] The Court believes that, if an enhanced rate is awarded to one attorney representing social security claimants due to an increased cost of living, an enhanced rate should be awarded to other attorneys requesting a comparable enhancement for the same reason. *See id.* at 505 ("Proper proof of an increase in the cost of living should result in consistent hourly fee awards in each case, rather than disparate fee awards from each court within the district or from different courts within this circuit.").

To promote consistency in fee awards in this District, Plaintiff will be allowed the requested enhanced hourly rate of $169.00, based on the cost of living.

---

[1] The agreement is between The Bartels Law Firm and the Office of General Counsel, Region VI, Social Security Administration. It is set forth in a letter dated November 21, 2002, a copy of which has been attached to Bartels' fee petitions in a number of cases in the Eastern District of Arkansas. *See, e.g., Bari v. Astrue*, Case No. 3:07CV00129-JWC (doc. 17-2, at 1-2).

The Commissioner objects to the number of attorney hours requested, contending that counsel improperly seeks compensation under EAJA for representation in Plaintiff's administrative proceedings. Specifically, the Commissioner refers to counsel's itemization (doc. 12-2) requesting compensation for 3.5 hours of administrative work from January 14, 2009 to March 10, 2009 (before obtaining this Court's remand order), and 10.8 hours from April 10, 2009 to September 22, 2009 (in post-remand administrative proceedings).

EAJA allows an award of fees incurred by the prevailing party "in [a] civil action." 28 U.S.C. § 2412(d)(1)(A). This generally does not extend to fees for attorney services rendered in administrative proceedings before the Social Security Administration. *Kelly v. Bowen*, 862 F.2d 1333, 1335-36 (8th Cir. 1988).[2] EAJA fees may, however, be permitted for attorney work performed in administrative proceedings that are an "integral part of the 'civil action' for judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989). This includes the narrow situation where a district court has remanded pursuant to sentence six, retaining jurisdiction of the civil action pending completion of further administrative proceedings. *Id.*; *see Schaefer*, 509 U.S. at 299-300. A sentence-six remand is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. *Schaefer*, 509 U.S. at 297 n.2.

As stated, this Court entered an order on March 12, 2009, remanding this case to the Commissioner. The order stated that the remand was pursuant to sentence six. This was erroneous as the Commissioner's unopposed motion for remand (doc. 9) expressly

---

[2]A separate statute permits an attorney to obtain a fee award from the Commissioner for work performed at the administrative level. *See* 42 U.S.C. § 406(a).

sought remand pursuant to sentence four (because the ALJ's decision was deficient), saying a sentence-six remand was not appropriate because the Commissioner had already filed his answer and there was no new evidence. Accordingly, the Court entered an amended order and judgment clarifying that the remand was pursuant to sentence four.[3]

Under these circumstances, Petitioner is not entitled to EAJA attorney fees for work performed in administrative proceedings either before or after the Court's remand. The Court will, therefore, disallow EAJA compensation for the entries from January 14, 2009 to March 10, 2009 (3.5 hours) and from April 10, 2009 to September 22, 2009 (10.8 hours). No objection is made to the remaining requested hours (25), and counsel's itemization demonstrates that they were reasonably expended in representation of Plaintiff.

Accordingly, 25 hours will be allowed at an hourly rate of $169.00 for the attorney work performed in this case, for an EAJA fee award of $4,225.00.

The Court notes that Plaintiff has also been granted extensions of time to file a motion for attorney's fees under the Social Security Act (SSA) pursuant to 42 U.S.C. § 406(b) (docs. 18, 20). Dual attorney fee applications and awards under both the SSA and the EAJA are not improper so long as the attorney returns to his client the lesser of any fee received for the same work. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Thus, if Plaintiff's attorney receives both an EAJA award for court-related work (paid by the government) and an SSA § 406(b) award for the same court-related work (taken out of the claimant's award of past-due benefits), he will be required to remit the smaller award to the claimant, thus offsetting the reduction in benefits. *Id.*

---

[3]The Commissioner has waived any possible objections regarding the timeliness of Plaintiff's EAJA filing (doc. 17, at 2 n.1).

Accordingly, it is hereby RECOMMENDED

(1)  That Plaintiff's first motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (doc. 11) be **denied as moot**;

(2)  That Plaintiff's second motion for attorney's fees pursuant to the EAJA (doc. 12) be **granted**;

(3)  That Plaintiff's attorney be found entitled to an award of attorney's fees in the amount of $4,225.00; and

(4)  That the Commissioner be directed to certify and pay to Timothy M. White, attorney for Plaintiff, the amount awarded pursuant to the EAJA.

DATED this 28th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE